145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff - Appellee,
v.
Manfred Otto SIMON, Defendant - Appellant.
United States of America, Plaintiff - Appellee,
v.
Frederick Manfred Simon, Defendant - Appellant.
 Nos. 97-30248, 97-30250.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998**.
Decided June 12, 1998.
 
 Appeal from the United States District Court for the District of Montana, Charles C. Lovell, District Judge, Presiding.
 Before REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these companion appeals, Manfred Otto Simon and his son, Frederick Manfred Simon, appeal their sentences imposed following their guilty pleas to conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, United States v. Bollinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 3
 Manfred Simon (97-30248) contends that the district court erred by prohibiting him from engaging in the railroad parts business as a condition of his probation because the restriction is more than the minimum condition necessary to protect the public and amounts to punishment. Frederick Simon (97-30250) makes the same claim with respect to his term of supervised release.
 
 
 4
 The district court may impose an occupational restriction if the court determines that a "reasonably direct relationship" exits between a defendant's business and his offense of conviction and the restriction is "reasonably necessary to protect the public" because there is reason to believe that the defendant would continue similar unlawful conduct. See U.S.S.G. § 5F1.5(a). Further, section 5F1.5 directs the district court to impose the restriction for "the minimum time and to the minimum extent necessary to protect the public." See U.S.S.G. § 5F1.5(b).
 
 
 5
 Here, the record reveals that the district court keyed the duration of each appellant's occupational restriction to the duration of his term of court-ordered supervision rather than determining what constituted the "minimum time" and "the minimum extent necessary to protect the public." Consequently, the district court abused its discretion in its application of section 5F1.5. See U.S.S.G. § 5F1.5, comment. (back'd.). We vacate the judgment of the district court and remand to the district court for the limited purpose of determining, as to each appellant, the minimum time and minimum extent necessary for imposition of the occupational restriction as a separate consideration from the length of supervision.
 
 
 6
 VACATED AND REMANDED.
 
 
 7
 JUDGE LEAVY WOULD AFFIRM THE JUDGMENT OF THE DISTRICT COURT.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3